IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ, JR.,

    Petitioner,                       No. 2:10-cv-1984 MCE JFM (HC)

    vs.

MCDONALD, et al.,                  ORDER AND

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his validation as a member of a prison gang. In the petition, which is signed under penalty of perjury, petitioner avers that he has been held in administrative segregation during the validation process and that he will be placed a security housing unit (SHU) for an indefinite period as a result of the validation. This matter is before the court on respondents' motion to dismiss pursuant to Rule 4, 28 U.S.C. foll. § 2254. Respondents contend that petitioner has failed to state a cognizable claim for federal habeas corpus relief. Petitioner opposes the motion.

        A motion for summary dismissal pursuant to Rule 4, 28 U.S.C. foll. § 2254 is an appropriate motion in habeas proceedings. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Rule 4 authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits

1

annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes motions to dismiss on procedural grounds where there exists a procedural reason for dismissing a habeas petition that may obviate the need for a full answer on the merits. White v. Lewis, 874 F.2d at 602.

Respondents contend first that there is no clearly established precedent of the United States Supreme Court that "imposes any evidentiary sufficiency standards on state prison officials' determination that a state inmate is a prison gang associate." Motion to Dismiss, filed October 22, 2010, at 4. Respondents also contend that petitioner's claim is not cognizable in habeas corpus because success on the claim would not shorten the duration of his prison confinement. Neither contention supports dismissal of this action.

Respondents' second contention, that this court lacks jurisdiction because success in this action would not shorten petitioner's length of confinement, is foreclosed by the decision of the United States Court of Appeals for the Ninth Circuit in Bostic v. Carlson, 884 F.2d 1267, 1268 (9th Cir. 1989). In Bostic, the court of appeals expressly held that "habeas corpus jurisdiction is . . . available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law." Id. Petitioner contends, inter alia, that he has been and will be subjected to more restrictive confinement as a result of the gang validation process and its outcome. Habeas corpus jurisdiction is available for that claim. See Bostic, id.

Respondents' first contention also fails to provide support for dismissal of the instant action at this stage of proceedings. Federal habeas corpus relief is unavailable for claims decided on the merits in State court proceedings unless the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d).  Thus, as a general rule federal habeas corpus claims must be based on and governed by "clearly established" United States Supreme Court precedent.  In the instant case, the questions are two:  first, does United States Supreme Court precedent establish the possibility of constitutionally protected liberty interest connected to gang validation by prison officials or the consequences that flow from such validation; and second, if so, what protections attach to that protected interest.[1]

In <u>Wilkinson v. Austin</u>, 545 U.S. 209 (2005), the United States Supreme Court held that prison inmates have a constitutionally protected liberty interest in avoiding placement in a prison "Supermax facility" because such assignment imposed "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  <u>Wilkinson</u>, at 223 (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)).  The question of whether the restrictive confinement petitioner faces[2] as a result of his gang validation is a question not susceptible of resolution on the instant motion to dismiss.  See <u>Wilkinson</u>, <u>id</u>. (discussing conditions of confinement in Ohio's Supermax facility).  If petitioner is or will be subject to conditions which impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" as a result of the gang validation, he has a cognizable due process claim.  See <u>id</u>.

Assuming arguendo that freedom from indefinite detention in a SHU gives rise to a protected liberty interest under the circumstances of this case, the second question is what protections attach to that interest.  In <u>Wilkinson</u>, the United States Supreme Court held that the

---

[1] Petitioner's allegations are replete with contentions that his validation as a gang members was the result of "bias and prejudice," but this court does not construe the petition as containing a cognizable equal protection or discrimination claim.  The gravamen of petitioner's claim is that the evidence used to validate him as a gang member was false and/or unreliable.  The court therefore views the claim presented as a due process claim under the Fourteenth Amendment.

[2] Petitioner need not yet be serving an indefinite SHU term to challenge that consequence of gang validation.  "Habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973).

procedural protections afforded by Ohio to inmates facing placement in the Supermax were sufficient. These protections included written notice to the inmate of the factual basis for consideration for placement in the Supermax, a "fair opportunity for rebuttal at a hearing", and a written statement of the decision and reasons for any decision to place the inmate in the Supermax. Wilkinson, at 216-17. The process also includes several levels of administrative review, as well as periodic review of such placements, and written decisions affirming the placement are provided to the inmate at each level or stage. Id. In affirming Ohio's procedures, the Wilkinson Court specifically noted that the requirement that the inmate be provided with a short statement of reasons for any placement decision "guards against arbitrary decisionmaking while also providing a basis for objection before the next decisionmaker or in a subsequent classification review." Id. at 226.

In Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit held that a determination that a CDC inmate is a gang member, and therefore appropriate for assignment to an indefinite term in segregated housing, must be supported by "some evidence." The requirement of "some evidence", drawn from the decision of the United States Supreme Court in Superintendent v. Hill, 472 U.S. 445, 455 (1985), see Bruce at 1287, sets a low bar, consistent with the recognition that assignment of inmates within prisons is "essentially a matter of administrative discretion," subject to "minimal legal limitations." Bruce, id. (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997), in turn citing Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986), with respect to the minimal limitations). Even just one piece of evidence may be sufficient to meet the "some evidence" requirement, if that evidence has "sufficient indicia of reliability." Id. at 1288. Although federal circuit precedent is not controlling in habeas actions, see 28 U.S.C. § 2254(d)(1), it "may be relevant when that precedent illuminates the application of clearly established federal law as determined by the United States Supreme Court." Casey v. Moore, 386 F.3d 896, 907 (9th Cir.2004).

/////

1    In Superintendent v. Hill, supra, the United States Supreme Court held that a
2 decision to revoke an inmate's good time credits must be supported by "some evidence."  The
3 Court noted that such a requirement "will help to prevent arbitrary deprivations without
4 threatening institutional interests or imposing undue administrative burdens" particularly where
5 due process already required prison administrators to provide a written explanation of the
6 evidence relied upon to support the decision.  Superintendent v. Hill, 445 U.S. at 455.  It held
7 that the relevant question to be answered in applying the "some evidence" standard "is whether
8 there is any evidence in the record that could support the conclusion reached by the"
9 administrative body.  Id. at 455-56.  In application, the "some evidence" standard protects only
10 against decisions that are devoid of evidentiary support or "otherwise arbitrary."  Id. at 457.

11   The Hill Court noted "a variety of contexts" in which it "has recognized that a
12 governmental decision resulting in the loss of an important liberty interest violates due process if
13 the decision is not supported by any evidence."  Id.  Taken together with the Wilkinson Court's
14 recognition that inmates facing housing placements that implicate a protected liberty interest
15 have an interest in freedom from arbitrary decisionmaking, this court finds that application of the
16 "some evidence" standard of Superintendent v. Hill to prison gang validation decisions that
17 implicate a protected liberty interest by virtue of the nature of the placement restrictions that will
18 be imposed on a validated inmate is required by clearly established precedent of the United
19 States Supreme Court within the meaning of 28 U.S.C. § 2254.

20   Petitioner claims that the decision to validate him as a prison gang member was
21 based solely on false or unreliable evidence.  For the reasons set forth above, that is a cognizable
22 claim for federal habeas corpus relief over which this court has jurisdiction.  For that reason,
23 respondents' motion to dismiss should be denied.

24   In light of the complexity of the issues involved, the court has determined that the
25 interests of justice require appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also
26 Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Accordingly, the court will appoint the

Federal Defender to represent petitioner in this action. In light of that appointment, petitioner's July 26, 2010 motion, filed pro se and styled "Request for Discovery, Protective Order, and Hearing re Gang Validation", will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition and this order on Carolyn Wiggin, Assistant Federal Defender.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

4. Petitioner's July 26, 2010 motion is denied without prejudice; and

IT IS HEREBY RECOMMENDED that

1. Respondents' October 22, 2010 motion to dismiss be denied;

2. Respondents be directed to file an answer within thirty days from the date of any order by the district court adopting these findings and recommendations, and to include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application; and

3. Petitioner's traverse, if any, be due on or before thirty days from the date respondents' answer is filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2011.

			_/s/ John F. Moulds_
			UNITED STATES MAGISTRATE JUDGE

12
pere1984.mtd