UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ, JR.,   No. 2:10-cv-01984-MCE-JFM

    Petitioner,

  v.   <u>MEMORANDUM AND ORDER</u>

MCDONALD, et al.,

    Respondent.

----oo0oo----

Through this petition for a writ of habeas corpus, Fernando Avila Perez, Jr. ("Petitioner") challenges his validation as a member of the Northern Structure prison gang and subsequent transfer to administrative segregation. On September 22, 2010, Respondent moved to dismiss for failure to state a cognizable claim for habeas corpus relief pursuant to 28 U.S.C. § 2254(d). (ECF No. 17.) On January 14, 2011, the Magistrate Judge assigned to the case issued findings and recommendations, concluding that Respondent's motion to dismiss should be denied. (ECF No. 23.) Respondent filed objections to the Magistrate Judge's Findings.
///

Upon de novo review, the Court concludes that the findings and recommendations should not be adopted, and Respondent's motion to dismiss should be granted.

Petitioner is currently in the custody of the State of California at High Desert State Prison. (Pet'r's Compl. 1.) The instant habeas petition challenges Petitioner's validation as an associate of the Northern Structure prison gang. (Id.) As a result of his gang validation, Petitioner is currently in administrative segregation, and has been endorsed for transfer to a Secure Housing Unit. (Id. 6-7.) Petitioner claims that his gang validation deprived him of due process because it was not supported by sufficient evidence. (Id.)

However, the Court lacks jurisdiction to consider the merits of the instant petition because Petitioner challenges only the conditions of his confinement. A district court has jurisdiction to consider an application for a writ of habeas corpus on behalf of a prisoner in custody pursuant to a judgement of a state court only on the ground that said custody violates federal law. 28 U.S.C. § 2254. The Magistrate Judge determined that the Court has jurisdiction over the instant petition relying on Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989). Bostic held that "habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law." Id. at 1268.

///
///
///

1       However, <u>Bostic</u> was decided in the context of a habeas
2  petition made pursuant to 28 U.S.C. § 2241, and did not involve a
3  state prisoner.  Further, in <u>Ramirez v. Galaza</u>, which followed
4  <u>Bostic</u> and involved a state prisoner, the 9th Circuit held that
5  "habeas jurisdiction is absent, and a § 1983 action proper, where
6  a successful challenge to a prison condition will not necessarily
7  shorten the prisoner's sentence."  <u>Ramirez v. Galaza</u>, 334 F.3d
8  850, 859 (9th Cir. 2003).  <u>See</u> <u>also</u> <u>Docken v. Chase</u>, 393 F.3d
9  1024, 1030 n.4 (9th Cir. 2004) (implicitly upholding the
10 conclusion of <u>Ramirez</u>, that habeas corpus jurisdiction is
11 unavailable for a state prisoner's challenge to internal
12 disciplinary procedures and resulting administrative
13 segregation).
14      Because the instant petition challenges only internal
15 disciplinary procedures and Petitioner's resulting administrative
16 segregation, the Court does not have habeas corpus jurisdiction.
17 The proper vehicle for a challenge to the conditions of
18 imprisonment is a civil rights action pursuant to 28 U.S.C.
19 § 1983.  <u>Ramirez</u>, 334 F.3d at 859.  As a result, Petitioner
20 should be granted leave to amend his complaint to reflect an
21 intent to proceed with a civil rights action pursuant to § 1983.
22 <u>See</u> <u>Eldridge v. Block</u>, 832 F.2d 1132, 1135-36 (9th Cir. 1987).
23      Based on the foregoing, Respondent's Motion to Dismiss (ECF
24 No. 17) is hereby GRANTED and the Court declines to follow the
25 Magistrate Judge's Findings and Recommendations (ECF No. 23).
26 Petitioner may file an amended complaint seeking redress,
27 pursuant to 28 U.S.C. § 1983, within twenty (20) days of the
28 electronic filing of this order.

If no amended complaint is filed within said twenty (20)-day period, without further notice, Petitioner's complaint will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: April 6, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE