IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ, JR.,

    Plaintiff,                  No. 2:10-cv-1984 MCE JFM (HC)

    vs.

MCDONALD, et al.,

    Defendants.            FINDINGS AND RECOMMENDATIONS

                          /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated in connection with his validation as an associate of a prison gang. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that plaintiff has failed to state a claim for relief. Plaintiff opposes the motion.

                          STANDARDS FOR A MOTION TO DISMISS

          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes,

1

416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ANALYSIS

Plaintiff's amended complaint, filed April 21, 2011, contains the following allegations:

On April 4, 2009, defendant St. Andrew, an institutional gang investigator, placed plaintiff in administrative segregation pending investigation into plaintiff's presumed association with the Northern Structure prison gang. On August 27, 2009, defendant G. Bracket, disclosed to plaintiff the information used in the gang validation process. The information disclosed three "source points (tattoo, informant, debriefing)" being used to validate plaintiff as a gang associate. Amended Complaint, filed April 21, 2011, at 4. The tattoo was twenty years old, the information gather by the gang investigators from the informant was false and misleading, and there is no other relevant evidence that plaintiff is associated with a prison gang.

On September 16, 2009, defendant Marquez contacted defendant Bracket and directed him to review the "tattoo source." Id. at 5. Defendants Bracket and Harrison reviewed plaintiff's central file and decided to use a probation report to support use of the tattoo to support the gang validation. Gang investigators also added another confidential source. None of the evidence relied on to support the gang validation is reliable, nor could plaintiff's probation report be considered without violating the ex post facto clause.

Plaintiff filed an inmate grievance contesting the gang validation. The grievance was screened out as untimely by the High Desert Prison Appeals Coordinator.

ANALYSIS

In support of their motion to dismiss, defendants contend that the allegations of the amended complaint show that plaintiff received all process due in connection with his transfer to segregated housing. Defendants also contend that the allegations of the amended complaint and the exhibits appended thereto show that there was "some evidence" to support the gang validation decision.

In Munoz v. Rowland, 104 F.3d 1096 (9th Cir. 1997), the United States Court of Appeals for the Ninth Circuit held that

> California's policy of assigning suspected gang affiliates to the Security Housing Unit is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates. Although there are some minimal legal limitations, see, e.g., Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir.1986) ..., the assignment of inmates within the California prisons is essentially a matter of administrative discretion.

Munoz at 1098. Due process requires only notice and an opportunity to be heard "within a reasonable time" after placement in administrative segregation. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), *overruled in part on other grounds*, Sandin v. O'Conner, 515 U.S. 472 (1995). In addition, a decision to validate an inmate as a member or associate of a prison gang must be supported by "some evidence." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Superintendent v. Hill, 472 U.S. 445, 455 (1985)). Under Hill's "some evidence" standard, the court does "not examine the entire record, independently assess witness credibility, or reweigh the evidence; rather, 'the relevant question is whether there is any evidence in the record that could support the conclusion.'" Bruce, id. (quoting Hill, 472 U.S. at 455-56). However, the evidence relied on must have some "indicia of reliability." Bruce, at 1288 (citing Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990)). Reliability may be established by

> (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable

3

> based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed.... Proof that an informant previously supplied reliable information is sufficient.

Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987).

Here, plaintiff challenges the sufficiency of the evidence relied on to support his validation as an associate of the Northern Structure prison gang. State regulations provide in relevant part that

> An associate is an inmate/parolee or any person who is involved periodically or regularly with members or associates of a gang. This identification requires at least three (3) independent source items of documentation indicative of association with validated gang members or associates. Validation of an inmate/parolee or any person as an associate of a prison gang shall require at least one (1) source item be a direct link to a current or former validated member or associate of the gang, or to an inmate/parolee or any person who is validated by the department within six (6) months of the established or estimated date of activity identified in the evidence considered.

15 C.C.R. § 3378(c)(4). Documents attached to plaintiff's amended complaint[1] show that plaintiff was validated as a gang member on the basis of six items, falling into three categories: a CDCR 128B dated 8/25/09, a CDCR 128B dated September 16, 2009, and a Monterey County Probation Officers Report dated 9/20/04, all related to plaintiff's tattoo; a confidential memorandum dated 6/17/09, supported by another confidential memorandum dated 2/22/08, evidence of a direct link through debriefing; and a confidential memorandum dated 10/28/08, evidence of a direct link through written material. Ex. G to Amended Complaint.

A confidential information disclosure form appended to the amended complaint states that the February 22, 2008 memorandum was based on information by a "reliable confidential informant" who identified plaintiff as a "Building Channel (BC) for the Northerns (Northern Structure members/associates) while on Facility C upper yard building 7." Ex. A to

---

[1] Exhibits attached to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

4

Amended Complaint, at 3.  A second confidential information disclosure form states that the June 17, 2009 memorandum was based on information providing "during the Debriefing of a validated member of the NS" who identified plaintiff as "an associate of the NS and holding a position in the Chain of Command . . . [of] Building Channel for buildings 5 and 7 on Facility C HDSP."  Id. at 4.  A third confidential information disclosure form appended to the amended complaint states that the October 28, 2008 memorandum was based on information obtained during a "contraband surveillance watch" of a suspected member of the Northern Structure, during which a roster of inmates associating themselves with the Northern Structure was discovered.  Ex. D to Amended Complaint, at 3.  Plaintiff's name and identifying information was on the roster.  Id.  Neither the confidential memoranda nor the roster are appended to the amended complaint.

Plaintiff alleges that the information used to validate him as gang member was not reliable.  As noted above, the confidential information relied on to validate plaintiff as a member of the prison gang must bear some "indicia of reliability."  None of the confidential information disclosure forms are attested to under oath by the investigating officers, nor are there any "on the record" statements by the decisionmaker concerning firsthand knowledge of the sources and their reliability.  Cf. Zimmerlee, supra.  Moreover, while one confidential disclosure form describes the information concerning plaintiff's role as a "building channel" as coming from a "confidential informant" and the memo attributes it to a "debriefing," it is not possible to tell on this record whether one individual or two provided that information.  If only one person was the source of the information, it is not corroborated.  Cf. Zimmerlee, supra.

Under the circumstances, this court finds that an in camera review of the confidential memoranda will be required to determine the reliability of key information used to validate plaintiff as an associate of a prison gang.  Such a review will require consideration of matters outside the scope of the pleadings.

/////

For the foregoing reasons, this court finds that plaintiff has alleged that he was validated as a gang associate based on unreliable information in violation of his right to due process. It is not plain from the exhibits appended to the amended complaint that plaintiff is not entitled to relief on that claim. Accordingly, defendants' motion to dismiss should be denied.[2]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' February 13, 2012 motion to dismiss be denied; and

2. Defendants be directed to answer the amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2012.

UNITED STATES MAGISTRATE JUDGE

12
pere1984.mtd

---

[2] Plaintiff also claims that use of his probation report as evidence in the gang validation proceedings violates the ex post facto clause. Defendants have not sought dismissal of this claim.