IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ, JR.,

    Plaintiff,                    No. 2:10-cv-1984 TLN JFM (HC)

   vs.

MCDONALD, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated in connection with his validation as an associate of a prison gang. By order filed September 28, 2012 (ECF No. 60), plaintiff's due process claim was dismissed and plaintiff was granted leave to file a second amended complaint raising only a claim under the Ex Post Facto Clause. On October 12, 2012, plaintiff filed a second amended complaint (ECF No. 61). This matter is now before the court on defendants' motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that plaintiff has failed to state a claim for relief and, in the alternative, that they are entitled to qualified immunity. Plaintiff opposes the motion.

/////

/////

1

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

ANALYSIS

Plaintiff's second amended complaint, filed October 12, 2012 (SAC), contains the following allegations:

On September 16, 2009, during the process of validating plaintiff as a gang member, defendant Marquez directed institutional gang investigators at High Desert State Prison (High Desert) to "review plaintiff's tattoo source" because plaintiff had claimed that the tattoo was twenty years old and unrelated to any prison gang or allegiance thereto. SAC at 2. Defendants Harrison and Brackett reviewed plaintiff's central file and decided to use plaintiff's criminal probation report as evidence to support a finding that plaintiff's tattoo is evidence of his allegiance to the Northern Structure prison gang. Id. Plaintiff claims that use of his criminal probation report violates his rights under the Ex Post Facto Clause because plaintiff was not charged with or sentenced for any gang enhancement, and the probation report "states nothing in particular" about plaintiff's association with or membership in the Northern Structure prison

gang. Id. The tattoo was then used for three points in the gang validation process. Id. at 3. Plaintiff claims this violated his rights under the Ex Post Facto Clause.[1]

## ANALYSIS

Defendants make three contentions in support of their motion to dismiss. First, they contend that there are no allegations linking defendant St. Andre to the Ex Post Facto claim so defendant St. Andre should be dismissed. Second, they contend that use of plaintiff's probation report in the gang validation process did not violate the Ex Post Facto clause. Finally, they contend they are entitled to qualified immunity. For the reasons set forth infra, defendants' second contention is correct.

"The Ex Post Facto Clause forbids both the punishment for acts not punishable at the time the offense was committed and the imposition of an additional punishment beyond that permitted at the time of the offense. Violation of the Ex Post Facto Clause occurs where there is (1) retroactive application of a criminal law, and (2) such application disadvantages the defendant." Aponte v. Gomez, 993 F.2d 705, 708 (9th Cir. 1993). To violate the ex post clause, "'"the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it."'" Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (quoting Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351 (1987)). [Footnote omitted.] In terms of disadvantage, the Supreme Court has held that the Ex Post Facto Clause 'is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."' California Dep't of Corrections v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 1600, 131 L.Ed.2d 588 (1995) (quoting Collins v. Youngblood, 497

---

[1] Plaintiff also claims violations of the protection against Double Jeopardy, and a due process violation based on insufficient evidence to support the validation. The latter claim is foreclosed by the district court's September 28, 2012 order. The Double Jeopardy claim is invalid on its face, since plaintiff alleges that his underlying criminal prosecution and sentence did not involve any use of alleged gang activity. See, e.g., U.S. v. Gartner, 93 F.3d 633 (9th Cir. 1996) ("The Double Jeopardy Clause prohibits successive punishment for the "same offense." Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, ----, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994).")

U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990))." Neal v. Shimoda, 131 F.3d 818, 825 (9th Cir. 1997).

In support of their motion to dismiss, defendants demonstrate that applicable state regulations have permitted the use of probation reports as part of the gang validation process since 1999. See 15 CCR § 3023(a) (prohibiting inmate gang affiliation); 15 CCR § 3378(c)(8)(J) (including probation report as permissible "independent source item" for gang validation; provision added as emergency language effective August 30, 1999 and required certificate of compliance transmitted February 7, 2000 and filed March 21, 2000.) The probation report used as part of plaintiff's gang validation process is dated September 20, 2004. See Ex. D to First Amended Complaint, filed April 21, 2011 (ECF No. 29) at 29.

The state regulation applied to permit consideration of plaintiff's probation report as part of the gang validation process preceded by five years the probation report that was used. Therefore, use of that probation report as evidence to support plaintiff's gang validation did not violate the Ex Post Facto Clause. For that reason, defendants' motion to dismiss should be granted and this action should be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' December 18, 2012 motion to dismiss be granted;

2. This action be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12
pere1984.mtd2

5