1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FERNANDO AVILA PEREZ, JR.,

11          Plaintiff,                    No. 2:10-cv-1984 TLN JFM (HC)

12      vs.

13   MCDONALD, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated in connection with

18   his validation as an associate of a prison gang.  By order filed September 28, 2012 (ECF No. 60),

19   plaintiff's due process claim was dismissed and plaintiff was granted leave to file a second

20   amended complaint raising only a claim under the Ex Post Facto Clause.  On October 12, 2012,

21   plaintiff filed a second amended complaint (ECF No. 61).  This matter is now before the court on

22   defendants' motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P.

23   12(b)(6).  Defendants contend that plaintiff has failed to state a claim for relief and, in the

24   alternative, that they are entitled to qualified immunity.  Plaintiff opposes the motion.

25   /////

26   /////

                                        1

1                    STANDARDS FOR A MOTION TO DISMISS

2              Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

3    dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

4    In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

5    true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

6    (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

7    416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint

8    must contain more than "a formulaic recitation of the elements of a cause of action;" it must

9    contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

10   Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

11   necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .

12   claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200

13   (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14                                      ANALYSIS

15             Plaintiff's second amended complaint, filed October 12, 2012 (SAC), contains the

16   following allegations:

17             On September 16, 2009, during the process of validating plaintiff as a gang

18   member, defendant Marquez directed institutional gang investigators at High Desert State Prison

19   (High Desert) to "review plaintiff's tattoo source" because plaintiff had claimed that the tattoo

20   was twenty years old and unrelated to any prison gang or allegiance thereto.  SAC at 2.

21   Defendants Harrison and Brackett reviewed plaintiff's central file and decided to use plaintiff's

22   criminal probation report as evidence to support a finding that plaintiff's tattoo is evidence of his

23   allegiance to the Northern Structure prison gang.  Id.  Plaintiff claims that use of his criminal

24   probation report violates his rights under the Ex Post Facto Clause because plaintiff was not

25   charged with or sentenced for any gang enhancement, and the probation report "states nothing in

26   particular" about plaintiff's association with or membership in the Northern Structure prison

                                           2

1   gang.  Id.  The tattoo was then used for three points in the gang validation process.  Id. at 3.

2   Plaintiff claims this violated his rights under the Ex Post Facto Clause.[1]

3                                                    ANALYSIS

4            Defendants make three contentions in support of their motion to dismiss.  First,

5   they contend that there are no allegations linking defendant St. Andre to the Ex Post Facto claim

6   so defendant St. Andre should be dismissed.  Second, they contend that use of plaintiff's

7   probation report in the gang validation process did not violate the Ex Post Facto clause.  Finally,

8   they contend they are entitled to qualified immunity.  For the reasons set forth infra, defendants'

9   second contention is correct.

10           "The Ex Post Facto Clause forbids both the punishment for acts not punishable at

11  the time the offense was committed and the imposition of an additional punishment beyond that

12  permitted at the time of the offense. Violation of the Ex Post Facto Clause occurs where there is

13  (1) retroactive application of a criminal law, and (2) such application disadvantages the

14  defendant."  Aponte v. Gomez, 993 F.2d 705, 708 (9th Cir. 1993).  To violate the ex post clause,

15  """the law must be retrospective, that is, it must apply to events occurring before its enactment;

16  and second, it must disadvantage the offender affected by it."'  Hamilton v. United States, 67 F.3d

17  761, 764 (9th Cir.1995) (quoting Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 2450, 96

18  L.Ed.2d 351 (1987)).  [Footnote omitted.]  In terms of disadvantage, the Supreme Court has held

19  that the Ex Post Facto Clause 'is aimed at laws that "retroactively alter the definition of crimes or

20  increase the punishment for criminal acts."'  California Dep't of Corrections v. Morales, 514 U.S.

21  499, 504, 115 S.Ct. 1597, 1600, 131 L.Ed.2d 588 (1995) (quoting Collins v. Youngblood, 497

22

23      [1]  Plaintiff also claims violations of the protection against Double Jeopardy, and a due
    process violation based on insufficient evidence to support the validation.  The latter claim is
24  foreclosed by the district court's September 28, 2012 order.  The Double Jeopardy claim is
    invalid on its face, since plaintiff alleges that his underlying criminal prosecution and sentence
    did not involve any use of alleged gang activity.  See, e.g., U.S. v. Gartner, 93 F.3d 633
25  (9th Cir. 1996) ("The Double Jeopardy Clause prohibits successive punishment for the "same
    offense." Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, ----, 114 S.Ct.
26  1937, 1945, 128 L.Ed.2d 767 (1994).")

1   U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990)).” Neal v. Shimoda, 131 F.3d 818,

2   825 (9th Cir. 1997).

3          In support of their motion to dismiss, defendants demonstrate that applicable state

4   regulations have permitted the use of probation reports as part of the gang validation process

5   since 1999. See 15 CCR § 3023(a) (prohibiting inmate gang affiliation); 15 CCR § 3378(c)(8)(J)

6   (including probation report as permissible “independent source item” for gang validation;

7   provision added as emergency language effective August 30, 1999 and required certificate of

8   compliance transmitted February 7, 2000 and filed March 21, 2000.) The probation report used

9   as part of plaintiff’s gang validation process is dated September 20, 2004. See Ex. D to First

10  Amended Complaint, filed April 21, 2011 (ECF No. 29) at 29.

11         The state regulation applied to permit consideration of plaintiff’s probation report

12  as part of the gang validation process preceded by five years the probation report that was used.

13  Therefore, use of that probation report as evidence to support plaintiff’s gang validation did not

14  violate the Ex Post Facto Clause. For that reason, defendants’ motion to dismiss should be

15  granted and this action should be dismissed.

16         In accordance with the above, IT IS HEREBY RECOMMENDED that:

17         1. Defendants’ December 18, 2012 motion to dismiss be granted;

18         2. This action be dismissed for failure to state a claim upon which relief may be

19  granted.

20         These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties. Such a document should be captioned

24  “Objections to Magistrate Judge’s Findings and Recommendations.” Any response to the

25  objections shall be filed and served within fourteen days after service of the objections. The

26  /////

4

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3     Dated: April 24, 2013

4  _____
   CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10  12
    pere1984.mtd2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26